Per Curiam.

On the 8th day of April, 1948, a building owned by the plaintiffs in the village of Moravia, was partially destroyed by fire. At the time of the fire, there was in force a standard fire insurance policy issued by the defendant insurance company covering said building. The plaintiffs and defendant pursuant to the policy provisions therefor each appointed an appraiser. An umpire was duly appointed by a Justice of the Supreme Court. The appraisal agreement recited that the said two appraisers together shall “ estimate and appraise the loss, stating separately sound value and damage, and failing to agree shall submit their differences to the said umpire, and the award, in writing, of any two shall determine the amount of such loss.” After the appraisers had submitted their report and before the matter had been submitted to the umpire selected, the plaintiffs brought this action on the theory that the two appraisers had already determined the amount of the loss and agreed upon an award. The plaintiffs’ complaint alleged that the actual cash value of the building prior to the fire was $11,806 and that the amount of the actual fire loss was the sum of $9,000. They alleged that the two appraisers had so agreed and reported. The answer of the defendant denied plaintiffs’ allegations as to the actual cash value and amount of the loss and denied that the two appraisers had agreed thereon. The plaintiffs moved for a summary judgment under rule 113 of the Rules of Civil Practice, which motion was granted. This appeal is from the order so granting plaintiffs’ motion and from the judgment entered thereon.
The reports of the respective appraisers show upon the face thereof that each appraiser estimated the cash or sound value of the property before the fire at $11,806. The report of each appraiser contains a statement “ Fire loss — $9,000.”
It appears from affidavits submitted on behalf of both the plaintiffs and the defendant that the appraisers estimated the cost of repairing the damage due to the fire at $9,000. The basic question on this motion for summary judgment is whether they also agreed that the sum of $9,000 was the amount of “ all direct loss by fire ” under the terms of the insurance policy.
*449 The defendant insured the plaintiffs “ to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, * * * against all DIRECT LOSS BY FIRE * * Whether or not the cost of repair represents “ all direct loss by fire ” is, under the appraisal agreement, a question of fact for the appraisers to determine.
Mr. John 1ST. Ross, the appraiser for the plaintiffs, made it clear in his report that he had also fixed the sum of $9,000 as the amount of plaintiffs’ loss. His affidavit submitted on the motion shows that he concluded that even if the damaged part of the building was restored at a cost of $9,000, it would not then have a value equal to its cash value before the fire.
Mr. L. D. Paul, the appraiser for the insurance company included in his report of appraisal computations labeled ‘ ‘ amount due ’ ’ arriving at two results, viz.: $4,500 and $3,935.34. The Special Term regarded that part of Mr. Paul’s report of appraisal as surplusage but we think it indicates that Mr. Paul never arrived at a definite appraisal of plaintiffs’ loss. Moreover, Mr. Paul’s affidavit submitted on the motion states that he and Mr. Ross did not agree on the amount of the plaintiffs’ loss but concluded that they should submit the matter to the umpire.
The reports read together with the affidavits of the appraisers who prepared them, do not, in our opinion, support a finding that there was any meeting of the minds of the two appraisers on the amount of the direct loss by fire sustained by the plaintiffs. The issue raised by the pleadings as to the amount of plaintiffs’ loss therefore cannot be resolved from the appraisers’ reports and the affidavits submitted on the motion. The question as to whether the appraisers ever came to an agreement upon the amount of the award also remains a question of fact.
The order for summary judgment and the judgment entered pursuant thereto should be reversed, with costs and the motion for summary judgment denied, with $10 costs.
All concur, except Taylor, P. J., who dissents and votes for affirmance for the reasons stated in the memorandum at Special Term. [197 Mise. 387.]
Present — Taylor, P. J., McCurn, Love, Vaughan and Kim-ball, J J.
Judgment and order reversed on the law, with costs, and motion denied, with $10 costs.